### GARTNER *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS — SEWER CONTRACT — REPRESENTATIONS.

A contract with a city for a sewer provided that no tunneling should be done without written permission, unless stated on the plan to be a tunneled sewer; and that all loss arising out of the nature of the work, or from unforeseen obstructions or difficulties, should be borne by the contractor. The plan bore on its face the words, "N. B. May be tunneled;" and both of the contracting parties expected that the work would be tunneled. On an attempt to tunnel, quicksand was encountered, necessitating the excavation of a trench; and the contractor sued the city for the additional cost, on the theory that it had represented that the ground was such as to admit of tunneling. *Held,* that there was no such representation.

2. SAME—EXTRA WORK.

Nor was the city liable under a clause in the contract entitling the contractor to compensation for extra work in making changes in the sewer at the direction of the city; it not having assumed to dictate the method of construction.

Error to Wayne; Brooke, J. Submitted April 24, 1902. (Docket No. 38.) Decided June 3, 1902.

*Assumpsit* by Fred R. Gartner against the city of Detroit upon a sewer contract. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Edward A. Stricker* (*Fred A. Baker* and *George Gartner,* of counsel), for appellant.

*John W. McGrath,* for appellee.

HOOKER, C. J.   The plaintiff made a contract with the city of Detroit whereby he undertook to construct a short extension of an existing sewer.  The contract was in writing.  The specifications referred to in the advertisement for proposals were made a part of the contract. They contained the following provisions:   "No tunneling or drilling will be permitted unless by written consent of the board of public works, or unless stated on the plan or diagram to be a tunneled sewer;" also, "All loss or damage arising out of the nature of the work, or from any unforeseen obstructions or difficulties which may be encountered in the prosecution of the same, or from the action of the elements, to be sustained by the contractor." A diagram of the proposed extension was also made a part of the contract, and upon its face the words, " N. B. May be tunneled," were printed.  Plaintiff and the city officers appear to have acted upon a common understanding that it would be tunneled; but on making the attempt to sink a shaft, as preliminary to tunneling, quicksand was struck, and that plan was abandoned.  Plaintiff proceeded to excavate a trench, and finished his job, but at a cost considerably exceeding the contract price, which was paid him.  He has brought this action to recover the actual cost, $2,024.36, less $500, the contract price.   A verdict was directed for the defendant, and the plaintiff has appealed.

It is urged upon the part of the plaintiff:

1. That the city has represented that this ground was such as to admit of tunneling, and that, it having turned out otherwise, the law will imply an obligation to pay the increased cost.

2. That the contract provides that the contractor shall submit to changes and alterations in the sewer at the direction of the city, and shall be paid for extra work occasioned thereby.   He says that a change became necessary in the

method of doing the work, whereby he is entitled to compensation for his additional labor and expense, under this stipulation.

To us the case seems a simple one. We think that it cannot be said that the fact that the job was let with an expectation that it would be tunneled indicates an intention to represent that it could be tunneled. On the contrary, the language of the contract is a permission to tunnel, and the indication that this was so understood is emphasized by the express provision of the contract quoted, imposing risks of obstructions upon the contractor. The job was advertised and let upon such terms, and, while we appreciate the hardship of having to perform a contract at a loss, we cannot relieve the contractor from the obligation of his contract. See *McBrian* v. *City of Grand Rapids*, 56 Mich. 99 (22 N. W. 206).

Regarding the second point, it is sufficient to say that, in our opinion, counsel ask for a strained construction of the language. The city has asked for no addition to, nor change in, its sewer. Nor has it attempted to dictate as to a method of construction.

The judgment is affirmed.

MOORE, GRANT, and MONTGOMERY, JJ., concurred.
LONG, J., did not sit.